UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA ANDRADE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　Defendant. | Case No. 23-cv-06125-TSH<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 33 |

## I.   INTRODUCTION

Plaintiff Isabella Andrade filed a complaint against Defendant Costco Wholesale Corporation ("Costco") for claims arising out of Andrade's employment with Costco. ECF No. 1-2. Pending before the Court is Andrade's Administrative Motion to File Under Seal. ECF No. 33 ("Mot."). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978)). Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point." *Id.* (cleaned up). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 11, 16.

1   presumption with "compelling reasons supported by specific factual findings that outweigh the
2   general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at
3   1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil
4   Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions."
5   *Kamakana*, 447 F.3d at 1180.

6   Here, the document at issue in Andrade's Administrative Motion (ECF No. 33) was filed
7   by Andrade in connection with her Opposition to Costco's Motion for Summary Judgment (ECF
8   No. 30).  Motions for summary judgment, along with their attached documents, are more than
9   tangentially related to the merits of a case.  *See Ctr. for Auto Safety*, 809 F.3d at 1098 ("while
10  discovery-related motions are often unrelated to the merits of a case, the same cannot be said for
11  materials attached to a summary judgment motion because summary judgment adjudicates
12  substantive rights and serves as a substitute for trial") (cleaned up); *Exeltis USA Inc. v. First
13  Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020)
14  ("Because the parties seek to seal portions and documents which pertain to summary judgment
15  motions, the Court applies the compelling reasons standard to these documents.").  Accordingly,
16  the compelling reasons standard applies to Andrade's Administrative Motion.

### III.    DISCUSSION

18  On October 9, 2025, Andrade filed an Administrative Motion to File Under Seal, pursuant
19  to Civil Local Rule 79-5, in connection with her Opposition to Costco's Motion for Summary
20  Judgment.  ECF Nos. 30, 33.  Andrade requests that one document be filed under seal:
21  Declaration of Stephen Noel Ilg (ECF No. 31), Ex. B ("Exhibit B") (ECF No. 33-3).[2]  Mot. at 4.
22  In support of her request, Andrade submits a declaration from Stephen Noel Ilg setting forth the
23  bases for sealing the document designated by Andrade.  *See* Declaration of Stephen Noel Ilg ("Ilg
24  Decl.") (ECF No. 33-1).  Costco did not file an opposition to Andrade's motion.

25  Andrade argues that public disclosure of the information in Exhibit B would "cause
26  concrete, particularized harm to [Andrade's] medical privacy."  Mot. at 3–4.  Exhibit B discloses

---

[2] Andrade filed a redacted version of Exhibit B on the public docket.  *See* ECF No. 31-2.

"graphic medical images and detailed treatment information about Plaintiff's disability and ER." Ilg Decl. at 2. Specifically, Andrade seeks to seal: "(1) a medical record at ANDRADE000045–57 and (2) four medical photographs—one taken in the Emergency Room (ANDRADE000175) and three documenting a severe skin reaction (ANDRADE000173–174)." Mot. at 3.

The Court has reviewed the requested portions to be sealed and finds Andrade's requests are narrowly tailored to her private medical records and photographs of her disability. "Courts routinely conclude that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (cleaned up). The Court agrees that there are compelling reasons to seal the requested portions as they relate to the medical records and photographs. *See id.* (concluding "that compelling reasons justify sealing Plaintiff's medical records" proffered in connection with summary judgment motion).

Accordingly, the Court **GRANTS** Andrade's Administrative Motion to seal Exhibit B (ECF No 33-3). As the redacted version of Exhibit B has already been filed in the public record (ECF No. 31-2), no further action is needed.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Andrade's Administrative Motion.

**IT IS SO ORDERED.**

Dated: December 15, 2025

THOMAS S. HIXSON
United States Magistrate Judge