UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA ANDRADE, | Case No. 23-cv-06125-TSH |
| Plaintiff, | |
| v. | **ORDER REQUESTING SUPPLEMENTAL BRIEFING** |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

This case is set to proceed to jury trial on February 23, 2026.  On January 22, 2026, and January 23, 2026, the parties submitted pretrial filings.  *See* ECF Nos. 49, 51–56.  The Court has noticed some problems with these filings.  The Court therefore orders the parties to file additional materials as described below.

**A.    Jury Instructions**

The parties filed Joint Proposed Jury Instructions.  *See* ECF No. 56.  First, there is a discrepancy between the table of contents and instructions in that stipulated instruction No. 67, titled, "2610 — Affirmative Defense—No Certification From Health Care Provider," is listed in the table of contents but does not appear in the instructions.  The parties should explain this discrepancy.

Second, stipulated instruction No. 17 states, "The parties have agreed to certain facts that will be read to you."  ECF No. 56 at 24.  However, there is no instruction provided that lists the stipulated facts.  The Court notices that the parties' pretrial statement contains a list of undisputed facts.  *See* ECF No. 53 at 7–8.  From this list, the Court can tell from the modified verdict form that there are implied stipulations of fact.  For example, the verdict form does not ask the jury to determine whether Andrade was an employee of Costco.  *See* ECF No. 54.  However, for some

claims, the verdict form asks the jury to determine whether Costco discharged Andrade, which is undisputed. *See id.* at 5; ECF No. 53 at 8. The parties should submit a proposed jury instruction that lists the stipulated facts. The parties' verdict form should align with the stipulated facts.

Third, the parties did not submit jury instructions for Andrade's FMLA interference and retaliation claims. The parties included these claims in their pretrial statement. *See* ECF No. 53 at 3. The jury should not encounter these claims for the first time on the verdict form. The parties should submit proposed jury instructions addressing the FMLA claims or competing proposals addressing the same.

Fourth, the parties' proposed verdict form contains instructions on duplicative damages, but the jury instructions do not contain such an instruction. The Court prefers not to include jury instructions in the verdict form. The parties should submit a proposed jury instruction addressing duplicative damages or competing proposals addressing the same. Further, as discussed below, damages are calculated differently for the FMLA claims than for the other claims. The parties should submit a proposed jury instruction that addresses apportioning damages under the FMLA.

## B.    Verdict Form

The parties filed a Joint Proposed Special Verdict Form. *See* ECF No. 54. First, the verdict form does not address Andrade's FEHA harassment claim, CFRA retaliation claim, or FMLA interference/retaliation claims. The parties included these claims in their pretrial statement and submitted jury instructions for the harassment and CFRA claims. *See* ECF No. 53 at 3; ECF No. 56 at 50–53, 60–64. The parties should submit a revised verdict form that includes the FEHA harassment claim, CFRA retaliation claim, and FMLA interference/retaliation claims.

In addition, the verdict form lists the claim, "Failure to Prevent Discrimination or Retaliation." ECF No. 54 at 8. However, this claim is titled, "Failure to Prevent and Investigate Discrimination and Harassment," in the parties' pretrial statement and "Failure to Prevent Harassment, Discrimination, or Retaliation" in the jury instructions. *See* ECF No. 53 at 3; ECF No. 56 at 54. The parties should ensure that the jury instructions and verdict form align with respect to the claims at issue.

Second, the verdict form must have a separate entry for FMLA damages because damages

2

calculations under the FMLA differ from those of other claims.  For example, the FMLA permits liquidated damages calculated from the economic damages caused by the FMLA violation.  29 U.S.C. § 2617(a)(1)(A)(iii).  Andrade seeks liquidated damages.  ECF No. 49 at 23.  If the Court uses an undifferentiated verdict form, it cannot determine the amount of damages attributable to the FMLA violation.  *See Jadwin v. Cnty. of Kern*, No. 07-cv-0026-OWW-DLB, 2010 WL 1267264, at *13 (E.D. Cal. Mar. 31, 2010) ("The use of the general undifferentiated verdict form makes it impossible to determine whether the damages the jury awarded were based on an FMLA violation or some other non-FMLA violation.").  Therefore, the verdict form must identify what damages are from the FMLA claims.  One approach is for the verdict form to ask for all damages (as it does now) and then ask what amount, if any, is attributed to FMLA violations.  On their revised verdict form, the parties should specify how the jury should apportion any applicable FMLA damages, including whether FMLA damages are a subset of past economic loss.

## C.    Witnesses

The parties filed a Joint Witness List with their pretrial statement.  *See* ECF No. 53 at 14–16.  Costco objects to three of Andrade's planned witnesses.  *Id.*  The parties should each provide their point of view on whether these witnesses should be permitted to testify at trial.

Accordingly, the Court **ORDERS** the parties to file a joint brief setting forth their respective views on issues identified above.  The parties shall file revised proposed jury instructions and a revised proposed verdict form with this brief and should explain any changes in the brief.  The parties shall file these materials no later than February 2, 2026.

**IT IS SO ORDERED.**

Dated: January 28, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California