ILG Legal Office, P.C.
Stephen Noel Ilg (SBN 275599)
Nicolas Jupillat (SBN 335559)
156 South Spruce Avenue, Suite 206A
South San Francisco, California 94080
Tel:     (415) 580-2574
Fax:     (415) 735-3454
Email: silg@ilglegal.com
Email: njupillat@ilglegal.com

Attorneys for Plaintiff
ISABELLA ANDRADE

[*Additional counsel on following page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA ANDRADE, on behalf of herself,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:23-cv-6125-TSH<br><br>***REVISED* JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Date Action Filed:  October 25, 2023<br>Trial Date:            February 23, 2026 |

1  SEYFARTH SHAW LLP
   Justin T. Curley (SBN 233287)
2  jcurley@seyfarth.com
   Pamela Vartabedian (SBN 251133)
3  pvartabedian@seyfarth.com
   560 Mission Street, Suite 3100
4  San Francisco, California 94105-2930
   Telephone:      (415) 732-1157
5  Facsimile:      (415) 397-8549

6  SEYFARTH SHAW LLP
   Bradley D. Doucette (SBN 322611)
7  bdoucette@seyfarth.com
   2029 Century Park East, Suite 3500
8  Los Angeles, CA 90067-3021
   Telephone:      (310) 277-7200
9  Facsimile:      (310) 201-5219

10 Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

**TO THE HONORABLE COURT:**

2

Pursuant to the Court's Case Management Order [Dkt. No. 18],December 16, 2025 Order [Dkt.

3

No. 42], January 28, 2026 Order [Dkt. No. 59], and Federal Rule of Civil Procedure, Rule 26(a)(3),

4

Plaintiff Isabella Andrade ("Plaintiff") and Defendant Costco Wholesale Corporation ("Defendant" or

5

"Costco") (collectively the "Parties") hereby submit their Joint Jury Instructions.

6

The Parties are attempting to work cooperatively to complete these filings jointly, however, have

7

some disputes as to the appropriate instruction(s)/verdict form(s) to address Plaintiff's seventh cause of

8

action for Violation of CFRA/FMLA Rights. As such, the Parties submit this revised document but ask

9

the Court for additional time to meet and confer regarding any proposed further changes to which they

10

can address such changes at the upcoming Pretrial Conference [Dkt. No. 60].

11

## TABLE OF CONTENTS

12

**A.    Ninth Circuit Model Civil Jury Instructions (September 2025 Edition)**

13

1.    9th Cir. 1.3 — Duty of Jury (Beginning of Case)

14

2.    9th Cir. 1.4 — Duty of Jury (End of Case)

15

3.    9th Cir. 1.5 — Claims and Defenses

16

4.    9th Cir. 1.6 — Burden of Proof—Preponderance of the Evidence

17

5.    9th Cir. 1.9 — What is Evidence

18

6.    9th Cir. 1.10 — What is Not Evidence

19

7.    9th Cir. 1.11 — Evidence for Limited Purpose

20

8.    9th Cir. 1.12 — Direct and Circumstantial Evidence

21

9.    9th Cir. 1.13 — Ruling on Objections

22

10.    9th Cir. 1.14 — Credibility of Witnesses

23

11.    9th Cir. 1.15 — Conduct of the Jury

24

12.    9th Cir. 1.17 — No Transcript Available to Jury

25

13.    9th Cir. 1.18 — Taking Notes

26

14.    9th Cir. 1.20 — Bench Conferences and Recesses

27

15.    9th Cir. 2.0 — Cautionary Instructions

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

16.    9th Cir. 2.2 — Stipulated Testimony

17.    9th Cir. 2.2 – Stipulations of Fact

18.    9th Cir. 2.4 — Deposition in Lieu of Live Testimony

19.    9th Cir. 2.13 — Expert Opinion Testimony

20.    9th Cir. 2.14 — Charts and Summaries Not Received in Evidence

21.    9th Cir. 2.15 — Charts and Summaries Received in Evidence

22.    9th Cir. 3.1 — Duty to Deliberate

23.    9th Cir. 3.2 — Consideration of Evidence—Conduct of the Jury

24.    9th Cir. 3.3 — Communication with Court

25.    9th Cir. 3.5 — Return of Verdict

26.    9th Cir. 3.9 – "Post Discharge Instruction"

27.    9th Cir. 4.1 — Corporations—Fair Treatment

28.    9th Cir. 4.2 — Liability of Corporations—Scope of Authority Not in Issue

29.    9th Cir. 4.8 — Act of Agent is Act of Principal—Scope of Authority Not in Issue

30.    9th Cir. 5.1 — Damages—Proof

**B.**    **California Civil Jury Instructions (CACI)**

31.    430 — Causation: Substantial Factor

32.    1600 — Intentional Infliction of Emotional Distress—Essential Factual Elements

33.    1602 — Intentional Infliction of Emotional Distress—"Outrageous Conduct" Defined

34.    1604 — Intentional Infliction of Emotional Distress—"Severe Emotional Distress" Defined

35.    2430 — Wrongful Discharge in Violation of Public Policy—Essential Factual Elements

36.    2500 — Disparate Treatment—Essential Factual Elements (Gov. Code, § 12940(a))

37.    2505 — Retaliation—Essential Factual Elements (Gov. Code, § 12940(h))

38.    2507 — "Substantial Motivating Reason" Explained

39.    2509 — "Adverse Employment Action" Explained

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

40. 2521A — Work Environment Harassment—Conduct Directed at Plaintiff—Essential Factual Elements—Employer or Entity Defendant (Gov. Code, §§ 12923, 12940(j))

41. 2523 — "Harassing Conduct" Explained

42. 2524 — "Severe or Pervasive" Explained

43. 2525 — Harassment—"Supervisor" Defined (Gov. Code, § 12926(t))

44. 2527 — Failure to Prevent Harassment, Discrimination, or Retaliation—Essential Factual Elements—Employer or Entity Defendant (Gov. Code, § 12940(k))

45. 2540 — Disability Discrimination—Disparate Treatment—Essential Factual Elements

46. 2541 — Disability Discrimination—Reasonable Accommodation—Essential Factual Elements (Gov. Code, § 12940(m))

47. 2542 — Disability Discrimination—"Reasonable Accommodation" Explained

48. 2543 — Disability Discrimination—"Essential Job Duties" Explained (Gov. Code, §§ 12926(f), 12940(a)(1))

49. 2546 — Disability Discrimination—Reasonable Accommodation—Failure to Engage in Interactive Process (Gov. Code, § 12940(n))

50. 2600 — Violation of CFRA Rights—Essential Factual Elements

51. 2601 — Eligibility for Medical Leave

52. 2602 — Reasonable Notice by Employee of Need for CFRA Leave

53. 2603 — "Comparable Job" Explained

54. 2620 — CFRA Rights Retaliation—Essential Factual Elements (Gov. Code, § 12945.2(k))

55. 3703 — Legal Relationship Not Disputed

56. 3720 — Scope of Employment

57. 3903C — Past and Future Lost Earnings (Economic Damage)

58. 3905A — Physical Pain, Mental Suffering, and Emotional Distress

59. 3927 — Aggravation of Preexisting Condition or Disability

60. 3928 — Unusually Susceptible Plaintiff

61. 3961 — Duty to Mitigate Damages for Past Lost Earnings

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**C.**    **Optional/Alternative CACI Instructions**

62.    2511 — Adverse Action Made by Decision Maker Without Animus (Cat's Paw)

63.    2512 — Limitation on Remedies—Same Decision

64.    2513 – "Business Judgment" for 'At Will' Employment"

65.    2580 — Pregnancy Discrimination—Failure to Accommodate—Essential Factual Elements (Gov. Code, § 12945(a)(3)(A))

66.    2581 — Pregnancy Discrimination—Reasonable Accommodation (Gov. Code, § 12945(a)(3)(A))

67.    3701 — Tort Liability Asserted Against Principal—Essential Factual Elements

68.    3710 — Ratification

69.    3925 – Arguments of Counsel Not Evidence of Damages

70.    3964 – Jurors Not to Consider Attorneys' Fees and Court Costs

71.    3924 – "No Punitive Damages"

**D.**    **The Parties' Proposed Special Instructions**

1.    FEHA (Interactive Process) – Continuing Duty & Clarification

2.    FEHA (Reasonable Accommodation) – Finite Medical Leave

3.    CFRA/FMLA – No Double Recovery

4.    CFRA/FMLA – Inquiry/Designation/Certification/Notice

5.    CFRA/FMLA – Absences Can't Be Counted Against Plaintiff

6.    CFRA/FMLA – Same Standards; Unified Findings

7.    "Unfair" Decisions Are Not Illegal

8.    Suspicions, Conjecture, and Speculation Are Not Evidence

9.    Legitimate, Non-Retaliatory Reason is a Defense

10.    The Employee Must Identify A Reasonable Accommodation Available At the Time of The Interactive Process

11.    Litigation Stress Not Recoverable

12.    FMLA – Interference – Essential Factual Elements

6

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13.    FMLA – Retaliation – Essential Factual Elements

14.    FMLA – Damages (Economic Loss Only)/Apportionment

15.    No Duplicative Damages

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

1

## STIPULATED JURY INSTRUCTION NO. 1

2

### 9TH CIRCUIT 1.3 DUTY OF JURY

3       Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

4       It is your duty to find the facts from all the evidence in the case. To those facts you will apply the

5   law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And

6   you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That

7   means that you must decide the case solely on the evidence before you. You will recall that you took an

8   oath to do so.

9       At the end of the trial, I will give you final instructions. It is the final instructions that will govern

10  your duties.

11      Please do not read into these instructions, or anything I may say or do, that I have an opinion

12  regarding the evidence or what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED JURY INSTRUCTION NO. 2**

**9TH CIRCUIT 1.4 - DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 3**

**9th CIRCUIT 1.5 - CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Isabella Andrade asserts that Defendant Costco Wholesale Corporation violated California and federal employment laws by discriminating against her, retaliating against her, and harassing her; failing to provide reasonable accommodation and to engage in the interactive process; interfering with her protected medical leave rights and retaliating against her for requesting or taking protected leave; wrongfully terminating her in violation of public policy; and intentionally inflicting emotional distress.

Ms. Andrade has the burden of proving these claims.

Costco denies those claims and further denies that Plaintiff suffered any injury because of Costco's alleged conduct. Costco has the burden of proving any affirmative defenses.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 4**

**9th CIRCUIT 1.6 - BURDEN OF PROOF –PREPONDERANCE OF**

**THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 5**

**9th CIRCUIT 1.9 - WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED JURY INSTRUCTION NO. 6**

**9th CIRCUIT 1.10 - WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

323320711v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED JURY INSTRUCTION NO. 7**

**9th CIRCUIT 1.11 - EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 8**

**9TH CIRCUIT 1.12 - DIRECT AND CIRCUMSTANTIAL**

**EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

15

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 9**

**9TH CIRCUIT 1.13 - RULING ON OBJECTIONS**

3

4

5

6

7

8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

9

10

11

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 10**

**9th CIRCUIT 1.14 - CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED JURY INSTRUCTION NO. 11**

**9th CIRCUIT 1.15 - CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been

18

excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result, requiring the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

**STIPULATED JURY INSTRUCTION NO. 12**

2

**9th CIRCUIT 1.17 - NO TRANSCRIPT AVAILABLE TO THE**

3

**JURY**

4

  I urge you to pay close attention to the trial testimony as it is given. During deliberations you will

5

not have a transcript of the trial testimony.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 13**

**9th CIRCUIT 1.18 - TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 14**

**9th CIRCUIT 1.20 - BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 15**

**9TH CIRCUIT 2.0 "CAUTIONARY INSTRUCTIONS"**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED  JURY INSTRUCTION NO. 16**

**9TH CIRCUIT 2.2 "STIPULATED TESTIMONY"**

The parties have agreed what [witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 17**

**9TH CIRCUIT 2.2 "STIPULATIONS OF FACT"**

The parties have identified certain facts as undisputed. You must treat these facts as having been proved. If you are asked on the verdict form to decide a fact that is undisputed, you must answer that question consistently with that undisputed fact.

1. Plaintiff was an employee of Costco.

2. Costco hired Plaintiff on August 12, 2020 as a part-time Front End Cashier Assistant at the Foster City warehouse.

3. On November 11, 2022, Plaintiff resigned from her employment with Costco for personal reasons.

4. Costco re-hired Plaintiff as a part-time Food Service Assistant on March 11, 2023.

5. Plaintiff's employment with Costco was governed by Costco's operative Employee Agreement. Plaintiff acknowledged receipt of these Agreements throughout her employment.

6. The Employee Agreement contains Costco's policies against retaliation, including its Equal Opportunity Policy and Anti-Harassment Policy; Personal Medical Leave policy; FMLA Leave (Family and Medical Leave Act) policy; Personal Leave policy; and Disability Accommodation policy.

7. Plaintiff was on a continuous leave of absence from about August 2021 until February 2022, due to a pregnancy and pregnancy-related complications.

8. On March 30, 2023, Plaintiff obtained a note from her medical provider stating that Plaintiff began experiencing a rash affecting her hands and left foot and was experiencing worsening symptoms with constant glove use/exposure to bleach used on the floor. Her medical provider stated she should change her position to minimize glove use/exposure to irritant to prevent flare up of symptoms. Plaintiff provided the note to Costco shortly thereafter.

9. On March 31, 2023, Costco provided Plaintiff a Transitional Duty Checklist document memorializing an in-person discussion and stating Plaintiff was allowed to change her position to minimize glove use/exposure to irritant to prevent flare up of symptoms. The Transitional Duty Checklist stated Plaintiff was to clean/restock condiments and food court kiosk counters, empty trash, expedite food court line, and assist the Front End as needed.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

10. On March 31, 2023, Costco sent Plaintiff correspondence offering temporary transitional duty of Food Court/Lobby cleaning and expediting on a part-time basis through April 30, 2023. Costco informed Plaintiff that if her restrictions went beyond April 30, 2023, the transitional duty assignment would be re-evaluated pursuant to Costco policy. The correspondence stated Plaintiff was expected to self-monitor to ensure she was working within her restrictions. The correspondence also stated that Plaintiff must provide updated documentation from her health care provider at the end of the transitional duty period (i.e., April 30, 2023). Plaintiff accepted the assignment and signed the correspondence.

11. On May 1, 2023, Plaintiff received an Employee Counseling Notice for excessive absenteeism stating she had called in sick on four days with insufficient sick/personal hours. Plaintiff acknowledged the Employee Counseling Notice by signing it.

12. On May 12, 2023, Plaintiff received another Employee Counseling Notice for excessive absenteeism stating that she had called in sick an additional day without sufficient sick/personal hours. Plaintiff acknowledged the Employee Counseling Notice by signing it.

13. On May 15, 2023, Plaintiff's employment was terminated. Costco's stated reason for her termination was a violation of Costco's Attendance Policy, stating her attendance was unsatisfactory. Plaintiff signed the "Termination/Resignation Form" the same day.

14. On October 25, 2023, Plaintiff filed her complaint against Costco in San Mateo County Superior Court.

15. Costco is a Washington corporation doing business in California.

16. This case was removed to the United States District Court for the Northern District of California on November 27, 2023.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**DISPUTED JURY INSTRUCTION NO. 18 OFFERED BY PLAINTIFF**

**9th CIRCUIT 2.4 - DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED JURY INSTRUCTION OFFERED BY
PLAINTIFF NO. 18 -- 9th CIRCUIT 2.4 - DEPOSITION IN LIEU OF LIVE
TESTIMONY**

Costco contends that no such instruction in any version should be issued. This instruction should only be used when testimony by deposition is used in lieu of live testimony. Here, Costco does not expect that any witness who will testify about the claims at issue for trial will be unavailable. Therefore, there should be no deposition testimony in lieu of live testimony. In addition, certainly no reference should be made to the specific witnesses or to anyone not being produced by Costco.

**PLAINTIFF'S RESPONSE TO COSTCO'S OBJECTION TO DISPUTED JURY
INSTRUCTION OFFERED BY PLAINTIFF NO. 18 -- 9th CIRCUIT 2.4 -
DEPOSITION IN LIEU OF LIVE TESTIMONY**

Plaintiff contends that the parties do not yet know if any witness will be unavailable for trial. This instruction may be necessary.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**DISPUTED JURY INSTRUCTION NO. 19 OFFERED BY PLAINTIFF**

**9th CIRCUIT 2.13 – EXPERT OPINION TESTIMONY**

You have heard testimony from witnesses who provided opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED JURY INSTRUCTION OFFERED BY
PLAINTIFF NO. 19 -- 9th CIRCUIT 2.13 – EXPERT OPINION TESTIMONY**

Costco contends that no such instruction in any version should be issued because no expert witnesses have been disclosed by either party or are expected to testify about the claims at issue for trial. A treating physician is different than an expert and treating physicians are not contemplated by this instruction.

**PLAINTIFF'S RESPONSE TO COSTCO'S OBJECTION TO DISPUTED JURY
INSTRUCTION OFFERED BY PLAINTIFF NO. 19 -- 9th CIRCUIT 2.13 – EXPERT
OPINION TESTIMONY**

Plaintiff contends that one witness, Plaintiff's treating physician Dr. Sharon Lee, is treated as an expert witness for certain purposes. Accordingly, Plaintiff contends this instruction would be useful to the jury.

323320711v.2

1

**STIPULATED  JURY INSTRUCTION NO. 20**

2

**9TH CIRCUIT 2.14 - CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

3

       Certain charts and summaries not admitted into evidence have been shown to you to help explain

4

the contents of books, records, documents, or other evidence in the case. Charts and summaries are only

5

as good as the underlying evidence that supports them. You should, therefore, give them only such weight

6

as you think the underlying evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

1

2

**STIPULATED  JURY INSTRUCTION NO. 21**

**9TH CIRCUIT 2.15 - CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

**STIPULATED  JURY INSTRUCTION NO. 22**

**9TH CIRCUIT 3.1 – DUTY TO DELIBERATE**

3      Before you begin your deliberations, elect one member of the jury as your presiding juror. The

4    presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

5      You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your

6    verdict must be unanimous.

7      Each of you must decide the case for yourself, but you should do so only after you have considered

8    all of the evidence, discussed it fully with the other jurors, and listened to their views.

9      It is important that you attempt to reach a unanimous verdict but, of course, only if each of you

10   can do so after having made your own conscientious decision. Do not be unwilling to change your opinion

11   if the discussion persuades you that you should. But do not come to a decision simply because other jurors

12   think it is right or change an honest belief about the weight and effect of the evidence simply to reach a

13   verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

1

**STIPULATED JURY INSTRUCTION NO. 23**

2

**9TH CIRCUIT 3.2 – CONSIDERATION OF EVIDENCE – CONDUCT OF JURY**

3      Because you must base your verdict only on the evidence received in the case and on these

4   instructions, I remind you that you must not be exposed to any other information about the case or to the

5   issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

6      Do not communicate with anyone in any way and do not let anyone else communicate with you

7   in any way about the merits of the case or anything to do with it. This includes discussing the case in

8   person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any

9   internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the

10   platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of

11   social media. This applies to communicating with your family members, your employer, the media or

12   press, and the people involved in the trial. If you are asked or approached in any way about your jury

13   service or anything about this case, you must respond that you have been ordered not to discuss the matter

14   and to report the contact to the court.

15      Do not read, watch, or listen to any news or media accounts or commentary about the case or

16   anything to do with it[, although I have no information that there will be news reports about this case];

17   do not do any research, such as consulting dictionaries, searching the Internet, or using other reference

18   materials; and do not make any investigation or in any other way try to learn about the case on your own.

19   Do not visit or view any place discussed in this case, and do not use Internet programs or other devices

20   to search for or view any place discussed during the trial. Also, do not do any research about this case,

21   the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have

22   been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn

23   away and report it to me as soon as possible.

24      These rules protect each party's right to have this case decided only on evidence that has been

25   presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their

26   testimony is tested through the trial process. If you do any research or investigation outside the courtroom,

27   or gain any information through improper communications, then your verdict may be influenced by

28   inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of

34

323320711v.2

the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 24**

**9TH CIRCUIT 3.3 – COMMUNICATION WITH COURT**

 If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

1

2

**STIPULATED  JURY INSTRUCTION NO. 25**

**9TH CIRCUIT 3.5 – RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

37

1

2

3

**STIPULATED  JURY INSTRUCTION NO. 26**

**9TH CIRCUIT 3.9 - "POST-DISCHARGE INSTRUCTION"**

4

5

6

7

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

8

9

10

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

11

12

13

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 27**

**9TH CIRCUIT 4.1 - "CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT"**

3

4

All parties are equal before the law and a corporation like Costco is entitled to the same fair and conscientious consideration by you as any party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 28**

**9TH CIRCUIT 4.2 - LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN**

**ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 29**

**9TH CIRCUIT 4.8 – ACT OF AGENT IS ACT OF PRINCIPAL – SCOPE OF AUTHORITY**

**NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

323320711v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED JURY INSTRUCTION NO. 30**

**9TH CIRCUIT 5.1 – DAMAGES - PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Isabella Andrade on any of her claims, you must determine Ms. Andrade's damages, if any. Ms. Andrade has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Ms. Andrade for any injury you find was caused by Defendant Costco Wholesale Corporation.

You will be given additional instructions describing the specific types of damages you may consider.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 31**

**CACI 430 – CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

43

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 32**

**CACI 1600 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ESSENTIAL**

**FACTUAL ELEMENTS**

Isabella Andrade claims that Costco Wholesale Corporation intentionally inflicted emotional distress on her. To establish this claim, Isabella Andrade must prove all of the following:

1.       That Costco Wholesale Corporation's conduct was outrageous;

2.       That Costco Wholesale Corporation intended to cause Isabella Andrade emotional distress, or acted with reckless disregard of the probability that Isabella Andrade would suffer emotional distress;

3.       That Isabella Andrade suffered severe emotional distress; and

4.       That Costco Wholesale Corporation's conduct was a substantial factor in causing Isabella Andrade's severe emotional distress.

44

1

**STIPULATED JURY INSTRUCTION NO. 33**

2

**CACI 1602 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "OUTRAGEOUS**

3

**CONDUCT" DEFINED**

4

Isabella Andrade claims that Costco Wholesale Corporation's conduct was outrageous. Conduct is

5

outrageous if it is so extreme that it exceeds all bounds of that usually tolerated in a civilized community.

6

Conduct is not outrageous just because it is rude, insulting, or makes someone feel hurt or angry.

7

Conduct is not outrageous simply because it is unlawful.

8

In deciding whether Costco Wholesale Corporation's conduct was outrageous, you may consider,

9

among other factors:

10

a.     Whether the conduct occurred in the context of a relationship in which Costco Wholesale

11

Corporation had authority over Isabella Andrade; and

12

b.     Whether Isabella Andrade was particularly vulnerable and Costco Wholesale Corporation

13

knew or should have known of this vulnerability.

14

c.     Whether Costco knew that its conduct would likely result in harm due to mental distress.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 34**

**CACI 1604 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "SEVERE**

**EMOTIONAL DISTRESS" DEFINED**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Isabella Andrade is not required to prove physical injury to recover damages for severe emotional distress

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED JURY INSTRUCTION NO. 35**

**CACI 2430 – "WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY—**

**ESSENTIAL FACTUAL ELEMENTS"**

Isabella Andrade claims she was discharged from employment for reasons that violate a public policy. It is a violation of public policy to discharge an employee for:

      a.      Exercising the right to request or take protected medical leave under the California Family Rights Act or the Family and Medical Leave Act;

      b.      Requesting reasonable accommodation for a disability; or

      c.      Opposing or complaining about discrimination, harassment, or retaliation prohibited by the Fair Employment and Housing Act.


To establish this claim, Isabella Andrade must prove all of the following:

      1.      That Isabella Andrade was employed by Costco Wholesale Corporation;

      2.      That Costco Wholesale Corporation discharged Isabella Andrade;

      3.      That one or more of the reasons listed above was a substantial motivating reason for Isabella Andrade's discharge;

      4.      That Isabella Andrade was harmed; and

      5.      That the discharge was a substantial factor in causing Isabella Andrade's harm.

47

1

**STIPULATED JURY INSTRUCTION NO. 36**

2

**CACI 2500 – DISPARATE TREATMENT – ESSENTIAL FACTUAL ELEMENTS**

3       Isabella Andrade claims that Costco Wholesale Corporation wrongfully discriminated against her.

4 To establish this claim, Isabella Andrade must prove all of the following:

5       1.      That Costco Wholesale Corporation was an employer;

6       2.      That Isabella Andrade was an employee of Costco Wholesale Corporation;

7       3.      That Costco Wholesale Corporation subjected Isabella Andrade to an adverse employment

8 action;

9       4.      That Isabella Andrade's race, national origin, pregnancy, and/or sex was a substantial

10 motivating reason for Costco Wholesale Corporation's conduct;

11       5.      That Isabella Andrade was harmed; and

12       6.      That Costco Wholesale Corporation's conduct was a substantial factor in causing Isabella

13 Andrade's harm.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 37**

**CACI 2505 – RETALIATION – ESSENTIAL FACTUAL ELEMENTS**

Isabella Andrade claims that Costco Wholesale Corporation retaliated against her for engaging in protected activity. To establish this claim, Isabella Andrade must prove all of the following:

1.      That Isabella Andrade engaged in protected activity by requesting reasonable accommodation and/or medical leave, and/or by complaining about or opposing discrimination, harassment, or retaliation;

2.      That Costco Wholesale Corporation subjected Isabella Andrade to an adverse employment action;

3.      That Isabella Andrade's protected activity was a substantial motivating reason for Costco Wholesale Corporation's conduct;

4.      That Isabella Andrade was harmed; and

5.      That Costco Wholesale Corporation's conduct was a substantial factor in causing Isabella Andrade's harm.

49

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 38**

**CACI 2507 – "SUBSTANTIAL MOTIVATING REASON" EXPLAINED**

A "substantial motivating reason" is a reason that actually contributed to the decision to take an adverse employment action. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the adverse employment action.

50

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 39**

**CACI 2509 – "ADVERSE EMPLOYMENT ACTION" EXPLAINED**

Isabella Andrade must prove that she was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if Costco Wholesale Corporation has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Isabella Andrade's employment. An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion. However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 40**

**CACI 2521A – "WORK ENVIRONMENT HARASSMENT – CONDUCT DIRECTED AT PLAINTIFF – ESSENTIAL FACTUAL ELEMENTS – EMPLOYER OR ENTITY DEFENDANT**

Isabella Andrade claims that she was subjected to harassment at Costco Wholesale Corporation based on her race, national origin, sex, pregnancy, and/or physical disability, and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.

To establish this claim, Isabella Andrade must prove all of the following:

1.      That Isabella Andrade was an employee of Costco Wholesale Corporation;

2.      That Isabella Andrade was subjected to harassing conduct;

3.      That the harassing conduct was because of Isabella Andrade's race, national origin, sex, pregnancy, and/or physical disability;

4.      That the harassing conduct was severe or pervasive;

5.      That a reasonable person in Isabella Andrade's circumstances would have considered the work environment to be hostile intimidating, offensive, oppressive, or abusive;

6.      That Isabella Andrade considered the work environment to be hostile intimidating, offensive, oppressive, or abusive;

7.      If the harassing conduct was by a co-worker, that Costco Wholesale Corporation knew or should have known of the conduct and failed to take immediate and appropriate corrective action. If the harassing conduct was by a supervisor, this element is not required;

8.      That Isabella Andrade was harmed; and

9.      That the harassing conduct was a substantial factor in causing Isabella Andrade's harm.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

**STIPULATED JURY INSTRUCTION NO. 41**

2

**CACI 2523 – "HARASSING CONDUCT" EXPLAINED**

3

Harassing conduct may include, but is not limited to, any of the following:

4

      a.     Verbal harassment, such as derogatory comments, obscene language, slurs, threats, or

5

taunting; or

6

      b.     Physical harassment, such as unwanted touching, assault, or physical interference with

7

normal work or movement; or

8

      c.     Visual harassment, such as derogatory, demeaning, or offensive gestures, pictures,

9

drawings, or other visual displays; or

10

      d.     Unwanted sexual advances.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED JURY INSTRUCTION NO. 42**

**CACI 2524 – "SEVERE OR PERVASIVE " EXPLAINED**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a work environment that is hostile, intimidating, offensive, oppressive, or abusive.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances, including any or all of the following:

a.    The nature of the conduct;

b.    How often, and over what period of time, the conduct occurred;

c.    The circumstances under which the conduct occurred; and

d.    Whether the conduct was physically threatening or humiliating.

Isabella Andrade does not have to prove that her productivity has declined. It is sufficient to prove that a reasonable person who was subjected to the harassing conduct would find that the conduct so altered working conditions as to make it more difficult to do the job.

A single incident can be sufficiently severe or pervasive to constitute harassment.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 43**

**CACI 2525 – HARASSMENT – "SUPERVISOR" DEFINED**

A person was a supervisor of Costco Wholesale Corporation if the person had any of the following:

a.    The authority to hire, transfer, promote, assign, reward, discipline, or discharge other employees, or effectively to recommend any of these actions;

b.    The responsibility to act on other employees' grievances, or effectively to recommend action on grievances; or

c.    The responsibility to direct other employees' daily work activities.

The person's exercise of this authority or responsibility must not be merely routine or clerical, but must require the use of independent judgment.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 44**

**CACI 2527 – HARASSMENT – FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION—ESSENTIAL FACTUAL ELEMENTS— EMPLOYER OR ENTITY DEFENDANT**

Isabella Andrade claims that Costco Wholesale Corporation failed to take all reasonable steps to prevent harassment, discrimination, and/or retaliation based on Isabella Andrade's race, national origin, sex, pregnancy, and/or physical disability. To establish this claim, Isabella Andrade must prove all of the following:

1.      That Isabella Andrade was an employee of Costco Wholesale Corporation;

2.      That Isabella Andrade was subjected to harassment, discrimination, and/or retaliation in the course of employment;

3.      That Costco Wholesale Corporation failed to take all reasonable steps to prevent the harassment, discrimination, and/or retaliation;

4.      That Isabella Andrade was harmed; and

5.      That Costco Wholesale Corporation's failure to take all reasonable steps to prevent harassment, discrimination, and/or retaliation was a substantial factor in causing Isabella Andrade's harm.

56

323320711v.2

1

### STIPULATED JURY INSTRUCTION NO. 45

2

### CACI 2540 – DISABILITY DISCRIMINATION—DISPARATE TREATMENT—ESSENTIAL

3

### FACTUAL ELEMENTS

4      Isabella Andrade claims that Costco Wholesale Corporation wrongfully discriminated against her

5 because of her physical disability. To establish this claim, Isabella Andrade must prove all of the following:

6      1.      That Costco Wholesale Corporation was an employer;

7      2.      That Isabella Andrade was an employee of Costco Wholesale Corporation;

8      3.      That Costco Wholesale Corporation knew that Isabella Andrade had a physical disability

9 that limited a major life activity;

10      4.      That Isabella Andrade was able to perform the essential job duties of her position with or

11 without reasonable accommodation for her disability;

12      5.      That Costco Wholesale Corporation discharged Isabella Andrade;

13      6.      That Isabella Andrade's physical disability was a substantial motivating reason for Costco

14 Wholesale Corporation's decision to discharge Isabella Andrade;

15      7.      That Isabella Andrade was harmed; and

16      8.      That Costco Wholesale Corporation's conduct was a substantial factor in causing Isabella

17 Andrade's harm.

18      Isabella Andrade does not need to prove that Costco Wholesale Corporation held any ill will or

19 animosity toward her personally because she was disabled. On the other hand, if you find that Costco

20 Wholesale Corporation did hold ill will or animosity toward Isabella Andrade because she was disabled,

21 you may consider this fact, along with all the other evidence, in determining whether Isabella Andrade's

22 disability was a substantial motivating reason for Costco Wholesale Corporation's decision to discharge

23 her.

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 46**

**CACI 2541 – DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION—**

**ESSENTIAL FACTUAL ELEMENTS**

Isabella Andrade claims that Costco Wholesale Corporation failed to reasonably accommodate her physical disability. To establish this claim, Isabella Andrade must prove all of the following:

1.      That Costco Wholesale Corporation was an employer;

2.      That Isabella Andrade was an employee of Costco Wholesale Corporation;

3.      That Isabella Andrade had a physical disability that limited a major life activity;

4.      That Costco Wholesale Corporation knew of Isabella Andrade's physical disability;

5.      That Isabella Andrade was able to perform the essential duties of her position, or a vacant alternative position to which she could have been reassigned with reasonable accommodation for her disability;

6.      That Costco Wholesale Corporation failed to provide reasonable accommodation for Isabella Andrade's physical disability;

7.      That Isabella Andrade was harmed; and

8.      That Costco Wholesale Corporation's failure to provide reasonable accommodation was a substantial factor in causing Isabella Andrade's harm.

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 47**

**CACI 2542 – DISABILITY DISCRIMINATION—"REASONABLE ACCOMMODATION"**

**EXPLAINED**

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job.

Reasonable accommodations may include the following:

a.      Making the workplace readily accessible to and usable by employees with disabilities;

b.      Changing job responsibilities or work schedules;

c.      Reassigning the employee to a vacant position;

d.       Modifying or providing equipment or devices;

e.       Modifying tests or training materials;

f.      Providing qualified interpreters or readers; or

g.       Providing other similar accommodations for an individual with a disability.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 48**

**CACI 2543 – DISABILITY DISCRIMINATION—"ESSENTIAL JOB DUTIES" EXPLAINED**

In deciding whether a job duty is essential, you may consider, among other factors, the following:

a.    Whether the reason the position exists is to perform that duty;

b.    Whether there is a limited number of employees available who can perform that duty;

c.    Whether the duty is highly specialized so that the person currently holding the position was hired for the person's expertise or ability to perform the particular duty.


Evidence of whether a particular duty is essential includes, but is not limited to, the following:

a.     Costco Wholesale Corporation's judgment as to which functions are essential;

b.    Written job descriptions prepared before advertising or interviewing applicants for the job;

c.    The amount of time spent on the job performing the duty;

d.    The consequences of not requiring the person currently holding the position to perform the duty;

e.    The terms of a collective bargaining agreement;

f.    The work experiences of past persons holding the job;

g.    The current work experience of persons holding similar jobs;

h.    Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position. "Marginal duties" are those that, if not performed, would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

**STIPULATED JURY INSTRUCTION NO. 49**

**CACI 2546 – DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION—**

**FAILURE TO ENGAGE IN INTERACTIVE PROCESS**

4

5

6

7

Isabella Andrade contends that Costco Wholesale Corporation failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that she could perform the essential requirements of her job. In order to establish this claim, Isabella Andrade must prove all of the following:

8    1.    That Costco Wholesale Corporation was an employer;

9    2.    That Isabella Andrade was an employee of Costco Wholesale Corporation;

10   3.    That Isabella Andrade had a physical disability that was known to Costco Wholesale

11   Corporation;

12   4.    That Isabella Andrade requested that Costco Wholesale Corporation make reasonable

13   accommodation for her physical disability so that she would be able to perform the essential job

14   requirements;

15   5.    That Isabella Andrade was willing to participate in an interactive process to determine

16   whether reasonable accommodation could be made so that she would be able to perform the essential job

17   requirements;

18   6.    That Costco Wholesale Corporation failed to participate in a timely good-faith interactive

19   process with Isabella Andrade to determine whether reasonable accommodation could be made;

20   7.    That Costco Wholesale Corporation could have made a reasonable accommodation when

21   the interactive process should have taken place;

22   8.    That Isabella Andrade was harmed; and

23   9.    That Costco Wholesale Corporation's failure to engage in a good-faith interactive process

24   was a substantial factor in causing Isabella Andrade's harm.

25

26

27

28

323320711v.2

1

**STIPULATED JURY INSTRUCTION NO. 50**

2

**CACI 2600 – VIOLATION OF CFRA RIGHTS—ESSENTIAL FACTUAL ELEMENTS**

3

Isabella Andrade claims that Costco Wholesale Corporation interfered with her right to take

4

medical leave under the California Family Rights Act (CFRA). To establish this claim, Isabella Andrade

5

must prove all of the following:

6

1.    That Isabella Andrade was eligible for CFRA medical leave;

7

2.    That Isabella Andrade requested or took CFRA medical leave because she had a serious

8

health condition that made her unable to perform the functions of her position;

9

3.    That Isabella Andrade provided reasonable notice to Costco Wholesale Corporation of her

10

need for CFRA medical leave;

11

4.    That Costco Wholesale Corporation interfered with Isabella Andrade's right to take CFRA

12

medical leave and/or to be reinstated to the same or a comparable position after CFRA medical leave;

13

5.    That Isabella Andrade was harmed; and

14

6.    That Costco Wholesale Corporation's interference was a substantial factor in causing

15

Isabella Andrade's harm.

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 51**

**CACI 2601 – ELIGIBILITY FOR MEDICAL LEAVE**

To show that Isabella Andrade was eligible for medical leave under the California Family Rights Act, she must prove all of the following:

1.     That Isabella Andrade was an employee of Costco Wholesale Corporation;

2.     That Costco Wholesale Corporation directly employed five or more employees for a wage or salary;

3.     That at the time Isabella Andrade requested and/or began leave, she had worked for Costco Wholesale Corporation for more than 12 months and had worked at least 1,250 hours for Costco Wholesale Corporation during the 12-month period immediately before the employee began the leave;

4.     That at the time Isabella Andrade requested and/or began leave, she had taken no more than 12 weeks of family care or medical leave in the 12-month period immediately before the employee began the leave.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED JURY INSTRUCTION NO. 52**

**CACI 2602 – REASONABLE NOTICE BY EMPLOYEE OF NEED FOR CFRA LEAVE**

For notice of the need for CFRA leave to be reasonable, an employee must make the employer aware that the employee needs medical leave, when the leave will begin, and how long the leave is expected to last. The employee may give the employer this information either verbally or in writing. The employee does not have to expressly assert rights under CFRA or even mention CFRA. The notice may be given by the employee or the employee's spokesperson, including the employee's family member, attorney, or health care provider. If the employee gives notice that the employee needs leave, the employer should inquire further if it is necessary to determine whether the employee is requesting, and entitled to, leave that is protected by CFRA. An employee is not required to disclose a diagnosis, but may be required to provide sufficient information to determine whether the leave is covered by CFRA.

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 53**

**CACI 2603 – "COMPARABLE JOB" EXPLAINED**

"Comparable job" means a job that is the same or close to the employee's former job in responsibilities, duties, pay, benefits, working conditions, and schedule. It must be at the same location or a similar geographic location.

65

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED JURY INSTRUCTION NO. 54**

**CACI 2620 – CFRA RIGHTS RETALIATION—ESSENTIAL FACTUAL ELEMENTS**

Isabella Andrade claims that Costco Wholesale Corporation retaliated against her for requesting or taking CFRA medical leave. To establish this claim, Isabella Andrade must prove all of the following:

1.      That Isabella Andrade was eligible for CFRA medical leave;

2.      That Isabella Andrade requested or took CFRA medical leave;

3.      That Costco Wholesale Corporation discharged Isabella Andrade or subjected her to an adverse employment action;

4.      That Isabella Andrade's request for or taking of CFRA medical leave was a substantial motivating reason for Costco Wholesale Corporation's decision to discharge her or take the adverse employment action;

5.      That Isabella Andrade was harmed; and

6.      That Costco Wholesale Corporation's conduct was a substantial factor in causing Isabella Andrade's harm.

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 55**

**CACI 3703 – LEGAL RELATIONSHIP NOT DISPUTED**

3

4

5

6

In this case, Costco's employees were employees of Costco Wholesale Corporation. Therefore, Costco Wholesale Corporation is responsible for any harm caused by Costco's employees' intentional infliction of emotional distress if the employees were acting within the scope of their employment when the incident occurred.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 56**

**CACI 3720 – SCOPE OF EMPLOYMENT**

3

4

Isabella Andrade must prove that Costco's employees were acting within the scope of their

employment when Isabella Andrade was harmed.

5

6

An employee or agent is acting within the scope of employment if:

7

8

a.    The conduct is reasonably related to the kinds of tasks that the employee was employed

to perform; or

9

10

b.    The conduct is reasonably foreseeable in light of the employer's business or the

employee's job responsibilities.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 57**

**CACI 3903C – PAST AND FUTURE LOST EARNINGS (ECONOMIC DAMAGE)**

Past and future lost earnings are the amount of money that Isabella Andrade has lost and/or will be reasonably certain to lose in the future because of the harm.

To recover damages for past lost earnings, Isabella Andrade must prove the amount of wages or salary that she has lost to date.

To recover damages for future lost earnings, Isabella Andrade must prove the amount of wages or salary that she will be reasonably certain to lose in the future as a result of the harm.

69

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED JURY INSTRUCTION NO. 58

## CACI 3905A – PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS

Non-economic damages are damages that do not have a specific monetary value. Non-economic damages include emotional distress, mental suffering, anxiety, inconvenience, humiliation, and loss of enjoyment of life.

You must decide a reasonable amount of money to compensate Isabella Andrade for any past and future non-economic damages that you find were caused by the wrongful conduct of Costco Wholesale Corporation.

In deciding the amount of damages, you should consider the evidence and use your common sense. There is no fixed standard for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover damages for future non-economic harm, Isabella Andrade must prove that she is reasonably certain to suffer that harm in the future.

70

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 59**

**CACI 3927 – AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

Isabella Andrade is not entitled to recover damages for any physical or emotional condition that she had before Costco Wholesale Corporation's conduct occurred. However, if Isabella Andrade had a physical or emotional condition that was made worse by Costco Wholesale Corporation's wrongful conduct, you must decide the full amount of money that will reasonably and fairly compensate her for the worsening of that condition.

You must award damages only for the worsening of the condition that resulted from Costco Wholesale Corporation's wrongful conduct. Isabella Andrade is not required to prove the exact amount of damages that were caused by the worsening. You must decide the amount of damages based on your evaluation of the evidence.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

**STIPULATED JURY INSTRUCTION NO. 60**

**CACI 3928 – UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate Isabella Andrade for all damages caused by the wrongful conduct of Costco Wholesale Corporation, even if Isabella Andrade was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

72

323320711v.2

1

## STIPULATED JURY INSTRUCTION NO. 61

## CACI 3961 – DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS

If you decide that Costco Wholesale Corporation is responsible for Isabella Andrade's harm, you must decide whether Isabella Andrade took reasonable steps to reduce her damages. To do this, you must determine whether Isabella Andrade exercised reasonable efforts to look for and obtain employment that was similar to her former job.

To determine whether Isabella Andrade took reasonable steps to reduce her damages, you should consider her willingness to work and her diligence in seeking employment. Isabella Andrade is not required to accept employment that is inferior to her previous job.

Costco Wholesale Corporation has the burden of proving that Isabella Andrade's damages would have been reduced if she had taken reasonable steps.

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 62**

**CACI 2511 – ADVERSE ACTION MADE BY DECISION MAKER WITHOUT**

**ANIMUS (CAT'S PAW)**

In this case, the decision to discharge or otherwise subject Isabella Andrade to an adverse employment action was made by Costco Wholesale Corporation's decisionmaker(s). Even if [name of decision maker] did not hold any discriminatory or retaliatory intent, Costco Wholesale Corporation may still be liable for discrimination or retaliation if [name of decision maker] followed a recommendation from, or relied on facts provided by, another person who did have discriminatory or retaliatory intent.

Even if you find that the decisionmaker(s) did not have any discriminatory or retaliatory intent, Costco Wholesale Corporation may still be liable for discrimination or retaliation if the decisionmaker(s) followed a recommendation from, or relied on facts provided by, another person who did have discriminatory or retaliatory intent.

To succeed, Isabella Andrade must prove both of the following:

1.    That Isabella Andrade's protected status or protected activity was a substantial motivating reason for [name of other person] acts on which Costco Wholesale Corporation's decisionmaker(s) relied; and

2.    That [name of other person] acts on which the decisionmaker(s) relied were a substantial motivating reason for the decisionmaker(s)' decision to discharge or otherwise subject Isabella Andrade to an adverse employment action.

74

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 63**

**CACI 2512 – LIMITATION ON REMEDIES—SAME DECISION**

Isabella Andrade claims that she was discharged because of her protected status or protected activity, which is an unlawful discriminatory or retaliatory reason. Costco Wholesale Corporation claims that Isabella Andrade was discharged because of attendance and/or job performance, which is a lawful reason.

If you find that discrimination or retaliation was a substantial motivating reason for Isabella Andrade's discharge, you must then consider Costco Wholesale Corporation's stated reason for the discharge.

If you find that attendance and/or job performance was also a substantial motivating reason, then you must determine whether Costco Wholesale Corporation has proven that it would have discharged Isabella Andrade anyway at that time based on attendance and/or job performance even if it had not also been substantially motivated by discrimination or retaliation.

In determining whether attendance and/or job performance was a substantial motivating reason, determine what actually motivated Costco Wholesale Corporation, not what it might have been justified in doing.

If you find that Costco Wholesale Corporation discharged Isabella Andrade for a discriminatory or retaliatory reason, you will be asked to determine the amount of damages that she is entitled to recover. If, however, you find that Costco Wholesale Corporation would have discharged Isabella Andrade anyway at that time for attendance and/or job performance, then Isabella Andrade will not be entitled to reinstatement, back pay, or damages.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 64**

**CACI 2513 – "BUSINESS JUDGMENT FOR 'AT WILL' EMPLOYMENT" (modified)**

 In California, employment is presumed to be "at will." This means that an employer may discipline or terminate an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for an unlawful retaliatory reason.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 65**

**CACI 2580 – PREGNANCY DISCRIMINATION—FAILURE TO**

**ACCOMMODATE—ESSENTIAL FACTUAL ELEMENTS**

Isabella Andrade claims that Costco Wholesale Corporation failed to reasonably accommodate a condition related to pregnancy and/or a related medical condition. To establish this claim, Isabella Andrade must prove all of the following:

1.     That Costco Wholesale Corporation was an employer;

2.     That Isabella Andrade was an employee of Costco Wholesale Corporation;

3.     That Isabella Andrade had a condition related to pregnancy and/or a related medical condition;

4.     That Isabella Andrade requested accommodation of this condition with the advice of a health care provider;

5.     That Costco Wholesale Corporation refused to provide a reasonable accommodation;

6.     That Isabella Andrade, with reasonable accommodation, could have performed the essential functions of the job;

7.     That Isabella Andrade was harmed; and

8.     That Costco Wholesale Corporation's conduct was a substantial factor in causing Isabella Andrade's harm.

77

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 66**

**CACI 2581 – PREGNANCY DISCRIMINATION—"REASONABLE**

**ACCOMMODATION" EXPLAINED**

A "reasonable accommodation" is a reasonable change to the work environment or the way a job is usually done that allows an employee with a condition related to pregnancy and/or a related medical condition to perform the essential duties of the job.

Reasonable accommodations may include the following:

a.      Changing work schedules;

b.      Providing furniture like a stool or chair or modifying equipment or devices;

c.      Permitting longer or more frequent breaks;

d.      Changing workplace practices or policies;

e.      Reassigning the employee temporarily to an open position that is less strenuous or less hazardous;

f.      Changing job responsibilities;

g.      Providing assistance for manual labor; or

h.      Providing other similar accommodations for an employee.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 67**

**CACI 3701 – TORT LIABILITY ASSERTED AGAINST PRINCIPAL—**

**ESSENTIAL FACTUAL ELEMENTS**

Isabella Andrade claims that she was harmed by the intentional infliction of emotional distress of Costco's employees. Isabella Andrade also claims that Costco Wholesale Corporation is responsible for the harm because the employees were acting as employees of Costco Wholesale Corporation when the incident occurred.

If you find that the employees' intentional infliction of emotional distress harmed Isabella Andrade, then you must decide whether Costco Wholesale Corporation is responsible for the harm. Costco Wholesale Corporation is responsible if Isabella Andrade proves both of the following:

1.      That the employee(s) were employees of Costco Wholesale Corporation; and

2.      That the employee(s) were acting within the scope of their employment when they harmed Isabella Andrade.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 68**

**CACI 3710 – RATIFICATION**

Isabella Andrade claims that she was harmed by the intentional infliction of emotional distress of Costco's employees. Isabella Andrade also claims that Costco Wholesale Corporation is responsible for the harm caused by its employees because Costco Wholesale Corporation authorized or approved that conduct after it occurred. If you find Costco's employees harmed Isabella Andrade, you must decide whether Costco Wholesale Corporation approved that conduct. To establish her claim, Isabella Andrade must prove all of the following:

1.      That Costco's employee(s) although not authorized to do so, purported to act on behalf of Costco Wholesale Corporation;

2.      That Costco Wholesale Corporation learned of its employee(s)' unauthorized conduct, and all of the material facts involved in the unauthorized transaction, after it occurred; and

3.       That Costco Wholesale Corporation approved of the employee(s)' conduct.

Approval may be shown by words or conduct, including failing to take action to stop the conduct.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 69**

**CACI 3925 - ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED JURY INSTRUCTION NO. 70**

**CACI 3964 - JURORS NOT TO CONSIDER ATTORNEYS' FEES**

**AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**STIPULATED JURY INSTRUCTION NO. 71**

**CACI 3924 – "NO PUNITIVE DAMAGES"**

You must not include in your award any damages to punish or make an example of Defendant Costco Wholesale Corporation. Such damages would be punitive damages, and they cannot be a part of your verdict.

You must award only the damages that fairly compensate Plaintiff Isabella Andrade for her loss, if any, caused by Costco.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED SPECIAL INSTRUCTIONS**

**DISPUTED SPECIAL JURY INSTRUCTION NO. 1 OFFERED BY PLAINTIFF**

**FEHA (INTERACTIVE PROCESS) – CONTINUING DUTY & CLARIFICATION**

The duty to engage in a timely, good-faith interactive process is a continuing duty. It does not end after a single request, a single meeting, or a single response.

If an employer becomes aware that an employee may need an accommodation, or that a previous accommodation is not effective, the employer must continue to participate in the interactive process in good faith to explore whether a reasonable accommodation was available.

In engaging in the interactive process, both sides must communicate in good faith and keep communications open. Each side must make available to the other information that is available, or more accessible, to one party.

If Costco believed it needed clarification of Ms. Andrade's medical restrictions or the need for an accommodation, Costco was required to make reasonable efforts to seek that clarification, explain what additional information was needed, and allow a reasonable opportunity to provide it, rather than simply ending the process or treating the request as unsupported.

Ms. Andrade also had a duty to cooperate in the interactive process, including providing information reasonably necessary to understand her restrictions and to evaluate possible accommodations.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 1**

**OFFERED BY PLAINTIFF**

**FEHA (INTERACTIVE PROCESS) – CONTINUING DUTY & CLARIFICATION**

Costco objects to this Proposed Special Jury Instruction because it is duplicative and will confuse the jury. The parties have already agreed to CACI 2546 "Disability Discrimination—Reasonable Accommodation—Failure to Engage in Interactive Process (Gov. Code, § 12940(n))." This instruction establishes the elements of an interactive process claim. Plaintiff's purported attempt to clarify would have a counterproductive and prejudicial effect in that it will confuse jurors because it suggests an employer will have an ongoing duty to provide accommodations even after accommodation attempts have been made and exhausted, or if making those attempts are no longer necessary.

This proposed instruction will confuse jurors because it does not state that an employee must be able to perform the essential functions of a position with or without reasonable accommodation. As a result, juror may improperly find that an employer must continue to attempt to provide an accommodation for an employee who cannot perform the essential functions of a job with or without accommodation, or despite having already been provided with a reasonable accommodation already.

Plaintiff finally fails to provide any authority as to why this Special Jury Instruction must be included here.


**PLAINTIFF'S RESPONSE TO COSTCO'S OBJECTION TO DISPUTED**

**SPECIAL JURY INSTRUCTION NO. 1 OFFERED BY PLAINTIFF**

**FEHA (INTERACTIVE PROCESS) – CONTINUING DUTY & CLARIFICATION**

Plaintiff contends that Special Jury Instruction ("SJI") No. 1 provides additional background regarding the law governing requests for leave. The language of SJI No. 1 is well grounded in binding precedent. "The duty to make reasonable accommodations under FEHA is an ongoing one and is not

323320711v.2

satisfied based on a single attempt at a single point in time. Furthermore, under FEHA disabled employees are eligible for preferential treatment when a company fills open positions. Employers must also identify reasonable accommodations by engaging in a good faith interactive process with the employee; the employer's duty to do so is continuing and ongoing." *Kaur v. Foster Poultry Farms LLC*, 83 Cal. App. 5th 320, 351 (2022)  "When a claim is brought for failure to reasonably accommodate the claimant's disability, the trial court's ultimate obligation is to 'isolate the cause of the breakdown … and then assign responsibility" so that "[l]iability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown.""" *Soria v. Univision Radio L.A., Inc.*, 5 Cal. App. 5th 570, 598 (2016)).

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1

2

**DISPUTED SPECIAL JURY INSTRUCTION NO. 2 OFFERED BY PLAINTIFF**

**FEHA (REASONABLE ACCOMMODATION) – FINITE MEDICAL LEAVE**

A reasonable accommodation may include a leave of absence for medical reasons for a finite period of time, if it is likely that the leave will enable the employee to return to work and perform the essential functions of the job, with or without further reasonable accommodation.

The law does not require an employer to provide an indefinite leave of absence or to hold a job open indefinitely.

Whether a leave of absence is a reasonable accommodation depends on the facts, including the expected duration of the leave and whether the leave was reasonably likely to be effective in allowing the employee to return to work and perform the essential functions of the job.

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 2**

**OFFERED BY PLAINTIFF**

**FEHA (REASONABLE ACCOMMODATION) – FINITE MEDICAL LEAVE**

Costco objects to this Proposed Special Jury Instruction because it is duplicative and will confuse the jury. The parties have already agreed to CACI 2601 "Eligibility for Medical Leave" and, moreover, the issue of finite medial leave is not being alleged by Plaintiff in this case. There are no allegations here that Plaintiff ever sought finite medical leave or asked Costco to hold a position indefinitely. At best, this Instruction is simply unnecessary and will only confuse the jury. Further, Plaintiff fails to provide any authority as to why this Special Jury Instruction must be included here.

**PLAINTIFF'S RESPONSE TO COSTCO'S OBJECTION TO DISPUTED**

**SPECIAL JURY INSTRUCTION NO. 2 OFFERED BY PLAINTIFF**

**FEHA (REASONABLE ACCOMMODATION) – FINITE MEDICAL LEAVE**

Plaintiff contends that Special Jury Instruction ("SJI") No. 2 provides additional background regarding the law governing requests for leave. The language of SJI No. 2 is well grounded in binding precedent. ""A finite leave of absence [also] may be a reasonable accommodation to allow an employee time to recover … ." (Nealy v. City of Santa Monica (2015) 234 Cal.App.4th 359, 377–378 [184 Cal. Rptr. 3d 9] (Nealy).)." *Shirvanyan v. L.A. Cmty. Coll. Dist.*, 59 Cal. App. 5th 82, 88 (2020).

323320711v.2

**DISPUTED SPECIAL JURY INSTRUCTION NO. 3 OFFERED BY PLAINTIFF**

**CFRA/FMLA – NO DOUBLE RECOVERY**

Plaintiff brings claims under both the California Family Rights Act (CFRA) and the federal Family and Medical Leave Act (FMLA) arising from the same requested medical leave. You will be asked to decide the relevant factual issues on the verdict form. Do not award duplicate damages for the same injury. If you find Plaintiff is entitled to damages for harm caused by interference with or retaliation for protected leave, you may award that amount only once, even if you also find liability under more than one theory.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 3**

**OFFERED BY PLAINTIFF**

**CFRA/FMLA – NO DOUBLE RECOVERY**

Costco objects to this Proposed Special Jury Instruction because it is unnecessary and argumentative, seeking to indicate to the jury that they may find recovery for Plaintiff under both the CFRA and FMLA. In other words, the jury instruction will have the effect of confusing the jury and eliciting that since Plaintiff can not recover twice, she should at least be able to recover once. Furthermore, CACI instructions Nos. 2600 (Violation of CFRA Rights—Essential Factual Elements), 2602 (Reasonable Notice by Employee of Need for CFRA Leave), and 2620 (CFRA Rights Retaliation—Essential Factual Elements (Gov. Code, § 12945.2(k)) already address this potential claim. At best, this Instruction is simply unnecessary and will only confuse the jury. Further, Plaintiff fails to provide any authority as to why this Special Jury Instruction must be included here.

**PLAINTIFF'S RESPONSE TO COSTCO'S OBJECTION TO DISPUTED**

**SPECIAL JURY INSTRUCTION NO. 3 OFFERED BY PLAINTIFF**

**CFRA/FMLA – NO DOUBLE RECOVERY**

Plaintiff contends that Special Jury Instruction ("SJI") No. 3 provides additional background regarding the law on double recovery. The parties agree on the substance but evidently disagree about whether this instruction should be included.

**DISPUTED SPECIAL JURY INSTRUCTION NO. 4 OFFERED BY PLAINTIFF**

**CFRA/FMLA – INQUIRY/DESIGNATION/CERTIFICATION/NOTICE**

An employee does not have to expressly mention "CFRA" or "FMLA" to request protected leave. It is enough if the employee provides information that reasonably indicates the leave may be for a qualifying reason. Once an employer receives information sufficient to reasonably indicate CFRA/FMLA may apply, the employer has a duty to make reasonable inquiries if more information is needed, and to determine whether the leave is CFRA/FMLA-qualifying and provide the required notices and designation. The employer is responsible for designating leave (paid or unpaid) as FMLA/CFRA-qualifying based on the information the employee provides, and for giving the employee notice of that designation.

If Defendant required medical certification and found the certification incomplete or insufficient, Defendant was required to advise Plaintiff and state in writing what additional information was necessary. A certification is "insufficient" if the information is vague, ambiguous, or non-responsive. Defendant must provide the employee seven calendar days to cure the deficiency (unless not practicable despite diligent, good-faith efforts).

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 4**

**OFFERED BY PLAINTIFF**

**CFRA/FMLA – INQUIRY/DESIGNATION/CERTIFICATION/NOTICE**

Costco objects to this Proposed Special Jury Instruction because it is unnecessary and argumentative, seeking to confuse the jury and argue several points including what specific words Plaintiff need or need not say as well as vaguely discussing "medical certification" without any relevant definition or authority offered by Plaintiff. CACI instructions Nos. 2600 (Violation of CFRA Rights—Essential Factual Elements), 2602 (Reasonable Notice by Employee of Need for CFRA Leave), and 2620 (CFRA Rights Retaliation—Essential Factual Elements (Gov. Code, § 12945.2(k)) already address this potential claim. Also, the Parties have already posed CACI No. 2616 (Affirmative Defense – No Certification from Health Care Provider) as a potential instruction here, making this instruction simply duplicative. Again, Plaintiff offers no authority to suggest this Special Jury Instruction should be accepted by the Court.

**PLAINTIFF'S RESPONSE TO COSTCO'S OBJECTION TO DISPUTED**

**SPECIAL JURY INSTRUCTION NO. 4 OFFERED BY PLAINTIFF**

**CFRA/FMLA – INQUIRY/DESIGNATION/CERTIFICATION/NOTICE**

Plaintiff contends that Special Jury Instruction ("SJI") No. 4 provides additional background regarding the law governing requests for leave. The language of SJI No. 4 is well grounded in binding precedent.  "The employee need not expressly assert rights under CFRA or FMLA, or even mention CFRA or FMLA, to meet the notice requirement; however, the employee must state the reason the leave is needed, such as, for example, the expected birth of a child or for medical treatment. The mere mention of 'vacation,' other paid time off, or resignation does not render the notice insufficient, provided the underlying reason for the request is CFRA-qualifying, and the employee communicates that reason to

323320711v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the employer. The employer should inquire further of the employee if necessary to determine whether the employee is requesting CFRA leave and to obtain necessary information concerning the leave (i.e., commencement date, expected duration, and other permissible information)." (Cal. Code Regs., tit. 2, § 11091, subd. (a)(1), italics added.)." *Bareno v. San Diego Cmty. Coll. Dist*., 7 Cal. App. 5th 546, 563 (2017). *See also Soria v. Univision Radio L.A., Inc.,* 5 Cal. App. 5th 570, 602 (2016) ("The employee need not expressly assert rights under CFRA or FMLA, or even mention CFRA or FMLA, to meet the notice requirement; however, the employee must state the reason the leave is needed").

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISPUTED SPECIAL JURY INSTRUCTION NO. 5 OFFERED BY PLAINTIFF**

**CFRA/FMLA – ABSENCES CAN'T BE COUNTED AGAINST PLAINTIFF**

An employer may not count absences that are protected by CFRA/FMLA as attendance violations or "occurrences," and may not use an employee's request for or use of CFRA/FMLA leave as a negative factor in employment decisions.

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 5**

**OFFERED BY PLAINTIFF**

**CFRA/FMLA – ABSENCES CAN'T BE COUNTED AGAINST PLAINTIFF**

Costco objects to this Proposed Special Jury Instruction because it is unnecessary and argumentative as well as unfounded. Plaintiff offers no authority to support this statement, and it is not derived from any authority or statute, rather, Plaintiff's own opinion and argument. Furthermore, CACI instructions Nos. 2600 (Violation of CFRA Rights—Essential Factual Elements), 2602 (Reasonable Notice by Employee of Need for CFRA Leave), and 2620 (CFRA Rights Retaliation—Essential Factual Elements (Gov. Code, § 12945.2(k)) already address this potential claim. Therefore, barring any noted authority by Plaintiff for the Parties and the Court to consider, this instruction is unnecessary and should not be provided to the jury.

**PLAINTIFF'S RESPONSE TO COSTCO'S OBJECTION TO DISPUTED**

**SPECIAL JURY INSTRUCTION NO. 5 OFFERED BY PLAINTIFF**

**CFRA/FMLA – ABSENCES CAN'T BE COUNTED AGAINST PLAINTIFF**

Plaintiff contends that Special Jury Instruction ("SJI") No. 5 provides additional background regarding the law governing requests for leave. The language of SJI No. 5 is well grounded in binding precedent. "If any of the leaves Dudley took qualified as CFRA leave, and if Caltrans took any adverse employment action against Dudley because she exercised her right to take that leave, then Dudley has established a prima facie case of retaliation in violation of CFRA, regardless of whether Dudley had exhausted her CFRA leave by the time Caltrans terminated her employment." *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 264 (2001).

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**DISPUTED SPECIAL JURY INSTRUCTION NO. 6 OFFERED BY PLAINTIFF**

**CFRA/FMLA – SAME STANDARDS; UNIFIED FINDINGS**

Plaintiff brings claims under both the California Family Rights Act (CFRA) and the federal Family and Medical Leave Act (FMLA) arising from the same alleged medical leave events. For purposes of this case, the legal standards you must apply to Plaintiff's CFRA claims are the same as the legal standards you must apply to Plaintiff's FMLA claims.

Accordingly, when you decide whether Plaintiff has proven interference with protected leave rights or retaliation for requesting or taking protected leave, you will apply the same elements and the same definitions to both CFRA and FMLA. Your findings on the verdict form regarding interference and retaliation will apply to both the CFRA and FMLA claims.

However, the damages you may award under the FMLA are limited to economic losses and do not include emotional distress; you must follow any instruction that asks you to allocate or apportion damages attributable to an FMLA violation.

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 6**

**OFFERED BY PLAINTIFF**

**CFRA/FMLA – SAME STANDARDS; UNIFIED FINDINGS**

Costco objects to this Proposed Special Jury Instruction because it is unnecessary and argumentative. Again, Plaintiff offers no authority to support this statement, and it is not derived from any authority or statute, rather, Plaintiff's own opinion and argument. Furthermore, CACI instructions Nos. 2600 (Violation of CFRA Rights—Essential Factual Elements), 2602 (Reasonable Notice by Employee of Need for CFRA Leave), and 2620 (CFRA Rights Retaliation—Essential Factual Elements (Gov. Code, § 12945.2(k)) already address this potential claim. Therefore, barring any noted authority by Plaintiff for the Parties and the Court to consider, this instruction is unnecessary and confusing and should not be provided to the jury.

**PLAINTIFF'S RESPONSE TO COSTCO'S OBJECTION TO DISPUTED**

**SPECIAL JURY INSTRUCTION NO. 6 OFFERED BY PLAINTIFF**

**CFRA/FMLA – INQUIRY/DESIGNATION/CERTIFICATION/NOTICE**

Plaintiff contends that Special Jury Instruction ("SJI") No. 6 provides additional background regarding the law governing requests for leave. The language of SJI No. 6 is well grounded in binding precedent. "Because the CFRA and the FMLA contain nearly identical provisions regarding family or medical leave (Gov. Code, § 12945.2, subd. (a); 29 U.S.C. § 2612(a)), California courts routinely rely on federal cases interpreting the FMLA when reviewing the CFRA." *Rogers v. Cty. of L.A.*, 198 Cal. App. 4th 480, 487 (2011).

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

## UNDISPUTED SPECIAL INSTRUCTION NO. 7 OFFERED BY COSTCO

## "UNFAIR" DECISIONS ARE NOT ILLEGAL

You may not return a verdict in favor of Plaintiff Isabella Andrade just because you might disagree with Costco's actions or believe them to be harsh or unreasonable.

Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not substantially motivated by unlawful retaliation. You should not second-guess Costco's decision or substitute your judgment for that of Costco's.

Moreover, it is not enough for you to find that any decision by Costco was imperfect, incomplete, or arrived at a possibly incorrect conclusion. Likewise, the fact that you may disagree with Costco's decision or feel it was not a good business decision is not a legal basis for concluding that Costco's treatment of Plaintiff was a violation of the law.

You may find that Costco engaged in unlawful conduct only if retaliation was a substantial motivating factor in Costco's decision.

**Authority**: CACI 2513 ("In California, employment is presumed to be 'at will.' That means that an employer may [terminate] an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a [discriminatory/retaliatory] reason."; "the employer's adverse action is not illegal just because it is ill-advised."); *Morgan v. Regents of the Univ. of Calif.*¸ 88 Cal. App. 4th 52, 75-76 (2000) (once the employer has offered a legitimate reason for its decision, "it is not enough for the employee to 'simply show the employer's decision was wrong, mistaken, or unwise or that the employer was neither shrewd, prudent or competent'"); *Hersant v. Dep't of Social Serv.*, 57 Cal. App. 4th 997, 1005 (1997) (same); *Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal. App. 4th 798, 807 (1999) ("if the employer has provided … a [legitimate] reason for the adverse action, the employee's rebuttal obligation is not satisfied where 'the employee simply shows the employer's reason was wrong, mistaken or unwise.'"); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 358 (2000) ("if an employer honestly believes in the reasons offered for the employment decision at issue, it does not matter that the employer's choice was unwise, imprudent, incompetent, foolish or wrong."); *Slatkin v. Univ. of Redlands,* 88 Cal. App. 4th 1147, 1157-1158 (2001) (same); *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013)

1   ("the plaintiff must produce evidence sufficient to show that an illegitimate criterion was a *substantial*

2   *factor* in the particular employment decision"; "Requiring the plaintiff to show that discrimination was a

3   substantial motivating factor, rather than simply a motivating factor, more effectively ensures that liability

4   will not be imposed based on evidence of mere thoughts or passing statements unrelated to the disputed

5   employment decision") (emphasis in original).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

1
2

**UNDISPUTED SPECIAL INSTRUCTION NO. 8 OFFERED BY COSTCO**

**SUSPICIONS, CONJECTURE, AND SPECULATION ARE NOT EVIDENCE**

3
4
5
6

Plaintiff Isabella Andrade's subjective belief that she was retaliated against for engaging in protected activity by requesting a reasonable accommodation or to engage in the interactive process for her disability is not evidence of retaliation. Plaintiff must have proof, that is, evidence, of unlawful retaliation in order to prevail on her claim.

7
8
9

Suspicions, conclusions, speculation, or opinions that she was retaliated against for engaging in protected activity by requesting a reasonable accommodation or to engage in the interactive process for her disability are not sufficient to prove that the actions taken by Costco were actually retaliatory.

10
11
12

**Authority**: *Nelson v. United Technologies*, 74 Cal. App. 4th 597, 614 (1999); *Kohler v. Ericsson, Inc.*, 847 F. 2d 499, 501 (9th Cir. 1988).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

100

323320711v.2

1

2

**UNDISPUTED SPECIAL INSTRUCTION NO. 9 OFFERED BY COSTCO**

**LEGITIMATE, NON-RETALIATORY REASON IS A DEFENSE**

3

There is no retaliation if Costco had a legitimate, non-retaliatory reason for its employment

4

decision.

5

A legitimate, non-retaliatory reason is a reason that is business related. If an employer honestly

6

believes in the non-retaliatory reason for the decision, it does not matter if the decision was wrong,

7

mistaken, or unwise.

8

9

**Authority**: *Morgan v. Regents of the Univ. of Calif.*¸ 88 Cal. App. 4th 52, 75-76 (2000) (once the

10

employer has offered a legitimate reason for its decision, "it is not enough for the employee to 'simply

11

show the employer's decision was wrong, mistaken, or unwise or that the employer was neither shrewd,

12

prudent or competent.'"); *Hersant v. Dep't of Social Serv*., 57 Cal. App. 4th 997, 1005 (1997) (same);

13

*Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal. App. 4th 798, 807 (1999) (if the employer has

14

provided … a [legitimate] reason for the adverse action, the employee's rebuttal obligation is not satisfied

15

where 'the employee simply shows the employer's reason was wrong, mistaken or unwise.'"); *Guz v.*

16

*Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 358 (2000) ("if an employer honestly believes in the reasons offered

17

for the employment decision at issue, it does not matter that the employer's choice was unwise,

18

imprudent, incompetent, foolish or wrong."); *Slatkin v. Univ. of Redlands*, 88 Cal. App. 4th 1147, 1157-

19

1158 (2001) (same). *Accord Chen v. County of Orange*, 96 Cal. App. 4th 926, 948-949 (2002) (the same

20

burden-shifting rules apply equally to claims of retaliation); *Flait v. N. Am. Watch Corp*., 3 Cal. App. 4th

21

467, 475-476 (1992) (holding that retaliation claims are subject to the same burden-shifting analysis under

22

McDonnell Douglas); *Dep't of Fair Empl. & Housing v. Verizon Cal., Inc.*, 108 Cal. App. 4th 160, 162

23

n. 3 (2002) (holding that tortious discharge of violation of public policy is subject to the McDonnell

24

Douglas burden-shifting analysis).

25

26

27

28

101

323320711v.2

**UNDISPUTED SPECIAL INSTRUCTION NO. 10 OFFERED BY COSTCO**

**THE EMPLOYEE MUST IDENTIFY A REASONABLE ACCOMMODATION AVAILABLE**

**AT THE TIME OF THE INTERACTIVE PROCESS**

If the employee cannot identify a reasonable accommodation available at the time the interactive process occurred, her claim for failure to engage in the interactive process fails.

**Authority**: *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 379 (2015); *Scotch v. Art Institute of California* 173 Cal. App. 4th 986, 1018 (2009).

323320711v.2

**UNDISPUTED SPECIAL INSTRUCTION NO. 11 OFFERED BY COSTCO**

**LITIGATION STRESS NOT RECOVERABLE**

Plaintiff Isabella Andrade may not recover for any stress, unhappiness, or strain caused by filing or pursuing a lawsuit. This includes any stress, unhappiness, or strain caused by trial, depositions, court rulings, or other things that may occur in connection with the lawsuit.

**Authority:** *Ortega v. Pajaro Valley Unified Sch. Dist.*, 64 Cal. App. 4th 1023, 1060 (1998) (holding that "litigation stress" is legally non-compensable).

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**DISPUTED SPECIAL JURY INSTRUCTION NO. 12 OFFERED BY PLAINTIFF**

**FMLA – INTERFERENCE—ESSENTIAL FACTUAL ELEMENTS (29 U.S.C. § 2615(a)(1))**

Plaintiff Isabella Andrade claims that Costco interfered with her rights under the Family and Medical Leave Act (FMLA). To establish this claim, Plaintiff must prove all of the following:

1.      Plaintiff was eligible for FMLA leave;

2.      Costco was a covered employer under the FMLA;

3.      Plaintiff was entitled to take FMLA leave because she had a qualifying serious health condition. A serious health condition is an illness, injury, impairment, or physical or mental condition that involves either (a) inpatient care in a hospital or other care facility, or (b) continuing treatment by a health care provider;

4.      Plaintiff gave Costco sufficient notice of the need for FMLA leave. Plaintiff did not need to use the words "FMLA" or "Family and Medical Leave Act" and was not required to make a written request. The notice was sufficient if it reasonably informed Costco that Plaintiff needed time off for a reason that may qualify for FMLA leave;

5.      Costco interfered with, restrained, or denied Plaintiff's exercise of her rights under the FMLA. Interference can include, for example, denying FMLA leave, discouraging an employee from taking FMLA leave, using the taking of FMLA leave as a negative factor in an employment decision, failing to reinstate an employee to the same or an equivalent position after FMLA leave, or otherwise preventing the employee from obtaining FMLA benefits to which the employee is entitled; and

6.      Costco's interference was a cause of harm to Plaintiff.

Plaintiff does not need to prove that Costco intended to interfere with her FMLA rights. The question is whether Plaintiff was entitled to FMLA leave and whether Costco interfered with, restrained, or denied the exercise of Plaintiff's FMLA rights.

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 12**

**OFFERED BY PLAINTIFF**

**FMLA – INTERFERENCE—ESSENTIAL FACTUAL ELEMENTS (29 U.S.C. § 2615(a)(1))**

Costco objects to this Proposed Special Jury Instruction because it is unnecessary, argumentative, and will confuse the jury. Plaintiff offers no authority to support this instruction, and it is not derived from any model instruction by the Ninth Circuit or statute, rather, Plaintiff's own opinion and argument. Costco argues that this claim—"FMLA Interference"—was not appropriately plead by Plaintiff and is not at issue in the case, and therefore irrelevant. Plaintiff's seventh cause of action was generally for "Violation of CFMA/FMLA Rights" and therefore this jury instruction attempts to introduce a new and separate cause of action not before the Court. Plaintiff's retaliation and related claims are already covered by underlying CACI instructions 2505, 2527, and 2620 above. Therefore, Costco objects that this instruction, which again is not supported by any authority or model instruction, will only confuse the jury and does not support the claims pled by Plaintiff here. The Parties continue to meet and confer regarding a proposed revision of these instructions.

323320711v.2

## DISPUTED SPECIAL JURY INSTRUCTION NO. 13 OFFERED BY PLAINTIFF

## FMLA – RETALIATION—ESSENTIAL FACTUAL ELEMENTS (29 U.S.C. § 2615(a)(2))

Plaintiff Isabella Andrade also claims that Costco retaliated against her for requesting and/or taking FMLA leave. To establish this claim, Plaintiff must prove all of the following:

1.      Plaintiff requested and/or took FMLA leave or attempted to exercise FMLA rights;

2.      Costco terminated Plaintiff or subjected her to a materially adverse action. A "materially adverse" action is any action by Costco that is likely to discourage a reasonable employee in Plaintiff's position from exercising her rights under the FMLA;

3.      Plaintiff's request for and/or taking of FMLA leave was a negative factor in Costco's decision to terminate her or take the materially adverse action. You may consider the timing between the protected activity and the adverse action, along with all the other evidence, in deciding whether Plaintiff's FMLA activity was a negative factor; and

4.      Costco's decision was a cause of harm to Plaintiff.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 13**

**OFFERED BY PLAINTIFF**

**FMLA – RETALIATION—ESSENTIAL FACTUAL ELEMENTS (29 U.S.C. § 2615(a)(2))**

Costco objects to this Proposed Special Jury Instruction because it is unnecessary, argumentative, and will confuse the jury. Plaintiff offers no authority to support this instruction, and it is not derived from any model instruction by the Ninth Circuit or statute, rather, Plaintiff's own opinion and argument. Costco argues that this claim—"FMLA Retaliation"—was not appropriately plead by Plaintiff and is not at issue in the case, and therefore irrelevant. Plaintiff's seventh cause of action was generally for "Violation of CFMA/FMLA Rights" and therefore this jury instruction attempts to introduce a new and separate cause of action not before the Court. Plaintiff's retaliation and related claims are already covered by underlying CACI instructions 2505, 2527, and 2620 above. Therefore, Costco objects that this instruction, which again is not supported by any authority or model instruction, will only confuse the jury and does not support the claims pled by Plaintiff here. The Parties continue to meet and confer regarding a proposed revision of these instructions.

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

**DISPUTED SPECIAL JURY INSTRUCTION NO. 14 OFFERED BY PLAINTIFF**

**FMLA – DAMAGES (ECONOMIC LOSS ONLY) / APPORTIONMENT**

If you find that Costco violated Plaintiff's rights under the FMLA, Plaintiff may recover only economic damages caused by the FMLA violation. Economic damages can include lost wages, salary, employment benefits, and other compensation. The FMLA does not authorize damages for emotional distress.

Because Plaintiff asserts both CFRA and FMLA leave-related claims, you will be asked to state what portion of any economic damages you award was caused by a FMLA violation. When you are asked to do so, do not double count damages: the amount you attribute to a FMLA violation must be a portion of the economic damages you award, not an additional award on top of them.

323320711v.2

**COSTCO'S OBJECTION TO DISPUTED SPECIAL JURY INSTRUCTION NO. 14**

**OFFERED BY PLAINTIFF**

**FMLA – DAMAGES (ECONOMIC LOSS ONLY) / APPORTIONMENT**

Costco objects to this Proposed Special Jury Instruction because it is unnecessary, argumentative, and will confuse the jury. Plaintiff offers no authority to support this instruction, and it is not derived from any model instruction by the Ninth Circuit or statute, rather, Plaintiff's own opinion and argument. Costco argues that this Proposed Special Jury Instruction is duplicative of the following jury instruction regarding duplicative damages. While Costco understands that Plaintiff's damages may be limited under the FMLA, this instruction and the corresponding jury verdict only adds to the confusion of the jury in that Plaintiff's claims under the FMLA are duplicative of her underlying claims for retaliation and related allegations. The Parties continue to meet and confer regarding a proposed revision of these instructions.

323320711v.2

**UNDISPUTED SPECIAL JURY INSTRUCTION NO. 15 OFFERED BY PLAINTIFF**

**NO DUPLICATIVE DAMAGES**

If you decide to award damages to Plaintiff, then damages can be awarded only once. It is improper to award damages more than once for the same loss. For instance, if you find Costco liable for post-termination lost wages based on two different claims, the amount of lost wages should only be awarded once because it is the same loss.

110

323320711v.2

Should the Court find any of the proposed instructions, whether disputed or not, require further explanation, the Parties agree to provide supplemental briefing and argument expeditiously.

DATED:  February 2, 2026                 Respectfully submitted,

                                         ILG LEGAL OFFICE, P.C.


                                         By:  _/s/Nicolas Jupillat_____
                                                 Stephen Noel Ilg
                                                 Nicolas Jupillat

                                         Attorneys for Plaintiff
                                         ISABELLA ANDRADE


DATED:  February 2, 2026                 Respectfully submitted,

                                         SEYFARTH SHAW LLP


                                         By:  _/s/Bradley D. Doucette_____
                                                 Justin T. Curley
                                                 Pamela Vartabedian
                                                 Bradley D. Doucette

                                         Attorneys for Defendant
                                         COSTCO WHOLESALE CORPORATION

*REVISED* JOINT PROPOSED JURY INSTRUCTIONS

323320711v.2