UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISABELLA ANDRADE,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.

Case No.  23-cv-06125-TSH

**[TENTATIVE] ORDER RE: PRELIMINARY JURY INSTRUCTIONS**

On January 23, 2026, the parties submitted joint proposed jury instructions.  ECF No. 56. On February 2, 2026, the parties submitted revised joint proposed jury instructions.  ECF No. 62. Below are the Court's tentative rulings on the proposed preliminary jury instructions.  The parties shall be prepared to discuss any objections, comments, or suggestions concerning the instructions at the March 9, 2026, hearing.

The Court will use preliminary instructions, which will be read at the beginning of trial after the jury is sworn in and before opening statements.  After the close of evidence, the Court will have a charging conference to finalize the final instructions, so the parties will know what they are for purposes of making their closing arguments.  The Court will read the final instructions following closing arguments and will provide a written copy of the final instructions for the jurors to take into the jury room during their deliberations.

**Preliminary Jury Instructions**

The Court will not provide the jury with a written set of instructions at the beginning of trial.  The Court will use stipulated instruction No. 1 (which corresponds to instruction 1.3).[1]

_____

[1] Unless otherwise stated, references to an "instruction" (as opposed to a stipulated instruction) mean the Ninth Circuit's Model Civil Jury Instructions, *available at*

The Court will use stipulated instruction No. 3 (which corresponds to instruction 1.5).

The Court will use stipulated instruction No. 4 (which corresponds to instruction 1.6).  The Court will use stipulated instructions Nos. 5 and 6 (which correspond to instructions 1.9 and 1.10).  The Court will use stipulated instruction No. 7 (which corresponds to instruction 1.11).

The Court will use stipulated instruction No. 8 (which corresponds to instruction 1.12) modified to add the following as follows:

> By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

The Court will use stipulated instructions Nos. 9 and 10 (which correspond to instructions 1.13 and 1.14).

The Court will use stipulated instruction No. 11 (which corresponds to instruction 1.15) modified as follows:  "If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the courtroom deputy signed by any one or more of you."

The Court will use stipulated instruction No. 12 (which corresponds to instruction 1.17).  The Court will use stipulated instructions Nos. 13 and 14 (which correspond to instructions 1.18 and 1.20).

The Court will not use stipulated instruction No. 15 (which corresponds to instruction 2.1) because the Court thinks the instruction is excessive and not necessary for this case.[2]

The Court will use stipulated instruction No. 17 (which corresponds to instruction 2.3).

The Court will use disputed instruction No. 18 as offered by Andrade (which corresponds to instruction 2.5).  Costco argues that this instruction should not be issued because it "does not expect that any witness who will testify about the claims at issue for trial will be unavailable."

---

https://www.ce9.uscourts.gov/jury-instructions/model-civil (last rev. Dec. 2025).

[2] The Court will use stipulated instruction No. 16 (which corresponds to instruction 2.2) if necessary.  Currently the parties do not identify any witness to whom that stipulated instruction would be applicable.

ECF No. 62 at 28. However, deposition testimony may be used for impeachment. As such, this instruction should be issued in case deposition testimony is introduced during trial.

From the parties' filings, the Court can tell that proposed instructions 1, 3–14, and 17–18 are meant to be preliminary jury instructions. However, some of the preliminary instructions (e.g., what is evidence, what is not evidence, burden of proof, credibility of witnesses, stipulations of fact) should presumably be repeated in the final instructions. But the parties do not say which ones they think should be repeated. The Court **ORDERS** the parties to file a joint statement no later than March 4, 2026, stating their views on which preliminary jury instructions should be repeated in the final instructions.

**IT IS SO ORDERED.**

Dated: February 26, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3