UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA ANDRADE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　Defendant. | Case No. 23-cv-06125-TSH<br><br>**COURT'S PROPOSED PRELIMINARY JURY INSTRUCTUONS**<br><br>**(TO BE READ TO JURY)**<br><br>Ctrm:  D, 15th Floor<br>Judge:  Honorable Thomas S. Hixson |

Dated: February 26, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

# 1. DUTY OF JURY

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**2. CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Isabella Andrade asserts that Defendant Costco Wholesale Corporation violated California and federal employment laws by discriminating against her, retaliating against her, and harassing her; failing to provide reasonable accommodation and to engage in the interactive process; interfering with her protected medical leave rights and retaliating against her for requesting or taking protected leave; wrongfully terminating her in violation of public policy; and intentionally inflicting emotional distress.

Ms. Andrade has the burden of proving these claims.

Costco denies those claims and further denies that Plaintiff suffered any injury because of Costco's alleged conduct. Costco has the burden of proving any affirmative defenses.

### 3. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

4

## 4. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

United States District Court
Northern District of California

## 5. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 6. EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

United States District Court
Northern District of California

**7. DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

United States District Court
Northern District of California

### 8. RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

United States District Court
Northern District of California

**9. CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

United States District Court
Northern District of California

## 10. CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people

involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the courtroom deputy signed by any one or more of you.

United States District Court
Northern District of California

**11. NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

United States District Court
Northern District of California

**12. TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

### 13. BENCH CONFERENCE AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**14. STIPULATIONS OF FACT**

The parties have identified certain facts as undisputed. You must treat these facts as having been proved. If you are asked on the verdict form to decide a fact that is undisputed, you must answer that question consistently with that undisputed fact.

1. Plaintiff was an employee of Costco.

2. Costco hired Plaintiff on August 12, 2020 as a part-time Front End Cashier Assistant at the Foster City warehouse.

3. On November 11, 2022, Plaintiff resigned from her employment with Costco for personal reasons.

4. Costco re-hired Plaintiff as a part-time Food Service Assistant on March 11, 2023.

5. Plaintiff's employment with Costco was governed by Costco's operative Employee Agreement. Plaintiff acknowledged receipt of these Agreements throughout her employment.

6. The Employee Agreement contains Costco's policies against retaliation, including its Equal Opportunity Policy and Anti-Harassment Policy; Personal Medical Leave policy; FMLA Leave (Family and Medical Leave Act) policy; Personal Leave policy; and Disability Accommodation policy.

7. Plaintiff was on a continuous leave of absence from about August 2021 until February 2022, due to a pregnancy and pregnancy-related complications.

8. On March 30, 2023, Plaintiff obtained a note from her medical provider stating that Plaintiff began experiencing a rash affecting her hands and left foot and was experiencing worsening symptoms with constant glove use/exposure to bleach used on the floor. Her medical provider stated she should change her position to minimize glove use/exposure to irritant to prevent flare up of symptoms. Plaintiff provided the note to Costco shortly thereafter.

9. On March 31, 2023, Costco provided Plaintiff a Transitional Duty Checklist document memorializing an in-person discussion and stating Plaintiff was allowed to change her position to minimize glove use/exposure to irritant to prevent flare up of symptoms. The Transitional Duty Checklist stated Plaintiff was to clean/restock condiments and food court kiosk counters, empty

16

trash, expedite food court line, and assist the Front End as needed.

10. On March 31, 2023, Costco sent Plaintiff correspondence offering temporary transitional duty of Food Court/Lobby cleaning and expediting on a part-time basis through April 30, 2023.  Costco informed Plaintiff that if her restrictions went beyond April 30, 2023, the transitional duty assignment would be re-evaluated pursuant to Costco policy.  The correspondence stated Plaintiff was expected to self-monitor to ensure she was working within her restrictions.  The correspondence also stated that Plaintiff must provide updated documentation from her health care provider at the end of the transitional duty period (i.e., April 30, 2023).  Plaintiff accepted the assignment and signed the correspondence.

11. On May 1, 2023, Plaintiff received an Employee Counseling Notice for excessive absenteeism stating she had called in sick on four days with insufficient sick/personal hours.  Plaintiff acknowledged the Employee Counseling Notice by signing it.

12. On May 12, 2023, Plaintiff received another Employee Counseling Notice for excessive absenteeism stating that she had called in sick an additional day without sufficient sick/personal hours.  Plaintiff acknowledged the Employee Counseling Notice by signing it.

13. On May 15, 2023, Plaintiff's employment was terminated. Costco's stated reason for her termination was a violation of Costco's Attendance Policy, stating her attendance was unsatisfactory.  Plaintiff signed the "Termination/Resignation Form" the same day.

14. On October 25, 2023, Plaintiff filed her complaint against Costco in San Mateo County Superior Court.

15. Costco is a Washington corporation doing business in California.

16. This case was removed to the United States District Court for the Northern District of California on November 27, 2023.

17

## 15. DEPOSITION IN LIEU OF LIVE TESTIMONY

You may hear from a deposition during the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as you consider testimony given in court.