UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISABELLA ANDRADE,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.

Case No. 23-cv-06125-TSH

**PRETRIAL ORDER**

On February 26, 2026, the Court held a pretrial conference in this matter.  This Order summarizes the Court's rulings and information about how the trial will be conducted.

1. The parties shall deliver to the Clerk's Office by March 5, 2026, four hard copies and one electronic copy of their exhibits, deposition designations, and written discovery designations.  The hard copies shall be single-sided and in tabbed binders that are no wider than three inches.  These copies of the exhibits are for the Court and the witnesses.

2. The parties shall bring their own set of exhibits to trial for counsel to use.

3. The Court shall conduct a hearing on March 9, 2026, at 10:00 a.m. in Courtroom D, 15th Floor, to discuss juror hardship excusals.  The Court will also discuss other pretrial matters that need to be addressed, including any objections to the Court's proposed preliminary jury instructions.  Following that hearing, the parties shall do a tech check on any equipment they plan to use at trial.  The parties should bring any such equipment with them.  For any equipment other than a laptop computer, the parties will need a court order authorizing them to bring it into the building.  Accordingly, the parties shall file proposed orders authorizing them to bring their trial technology equipment into the building, specifically listing each item they wish to bring.

United States District Court
Northern District of California

4.  The trial will proceed in Courtroom D as follows:  The parties will appear at 9:00 a.m. on Tuesday, March 10, 2026.  Jury selection will commence at 9:30 a.m.  The trial will start after a break following jury selection.  Each day thereafter, the parties will appear at 9:00 a.m., trial will begin at 9:30 a.m., and trial will conclude at 3:30 p.m.  There will be a 15-minute break at 11:00 a.m., a 45-minute lunch at 12:30 p.m., and a 15-minute afternoon break at 2:30 p.m.

5.  Each side has 20 total hours to present their case in chief.  The 20 hours include opening and closing statements, as well as any rebuttal.  Opening statements must be limited to 30 minutes per side and closing statements must be limited to one hour per side, including rebuttal.

6.  The Court will follow the normal rule regarding objections to evidence and other legal points which the Court must decide:  No lengthy arguments in front of the jury.  No sidebars.  Any such argument should occur before 9:30 a.m. or after 3:30 p.m. unless it is unavoidable.  Objections should consist of a citation to the Federal Rule(s) of Evidence at issue and the applicable generic description (e.g. "relevance.").

7.  The parties must rise when making an objection.

8.  The parties must seek leave to approach witnesses.

9.  At the close of each trial day, counsel must disclose to the opposing party the witnesses to be called the following two days and the exhibit numbers of the documents that counsel plans to use on direct (other than for impeachment).  Within 24 hours of such disclosure, counsel shall exchange exhibit numbers to be used in cross of the witnesses (other than for impeachment).  Parties will not be allowed to call witnesses or use documents other than those that have been previously disclosed in the pretrial conference statement and in the daily witness lists.

10. The Court will empanel an eight-person jury with no alternates.  The Court will first present questions for *voir dire*.  Each side will get 10 minutes for follow-up *voir dire*.  Thereafter, the parties may make for-cause challenges and then peremptory challenges.  Each side shall have three peremptory challenges.

United States District Court
Northern District of California

11.  Preliminary jury instructions will be read before opening statements.  The Court will not provide a copy of the instructions to the jury at the beginning of the case.  The Court will not instruct the jury on substantive law applicable to the claims until the close of evidence when final instructions are given.  The Court will hear argument and settle final jury instructions before closing arguments.

12.  Plaintiff shall file all evidence that supports her argument that Lea Longbrake was appropriately disclosed as a witness no later than March 4, 2026.  Defendant may file a response no later than March 6, 2026.

13. Defendant shall file a declaration no later than March 4, 2026, attesting to Vicky Signo's inability to testify as a witness in this case.  Defendant shall file a motion to seal this declaration if it believes sealing is appropriate.  Plaintiff shall file a response no later than March 6, 2026.  Plaintiff's response shall clearly state whether she believes it has been established that Signo is not available to testify at trial, and if not, why not.

14. The parties shall file revised proposed final jury instructions and a revised proposed verdict form, together with a supplemental brief explaining any changes, no later than March 4, 2026.

15. The parties shall meet and confer concerning Plaintiff's use of Defendant's discovery responses at trial and shall file a statement summarizing the status of that issue no later than March 4, 2026.

16. The parties are reminded to comply with Civil Local Rule 5-1(g) regarding the electronic filing of exhibits within ten days of a trial verdict.

**IT IS SO ORDERED.**

Dated: February 26, 2026

THOMAS S. HIXSON
United States Magistrate Judge